# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VERNA IP HOLDINGS, LLC,**

**Plaintiff,**

**v.** **Case No. 1:26-CV-261-BBC**

**CLEARLY IP INC.,**

**Defendant.**

## ORDER

U.S. Patent No. 9,883,001 (the '001 patent) was issued to an entity named Verna IP Holdings, LLC by the U.S. Patent and Trademark Office on January 30, 2018. (ECF No. 4-1, at 2.) This entity was a New Mexico limited liability company (Verna New Mexico). (ECF No. 8-1, at 6.) On October 11, 2023, a document purporting to assign the '001 patent to a Texas limited liability company also called Verna IP Holdings, LLC (Verna Texas) was executed. (ECF No. 8-1, at 6.) However, the Texas Secretary of State did not file a Certificate of Formation for Verna Texas until October 24, 2023. (ECF No. 8-2, at 2.)

The '001 patent relates to "[m]ethods, systems, and processor-readable media for providing instant/real-time voice alerts automatically to remote electronic devices." (ECF No. 4-1, at 2.) The claimed invention is supposed to provide an efficient way to transmit or broadcast instant voice alerts during emergencies. (ECF No. 4, at

3.) Embodiments of the claimed invention are alleged to provide benefits over prior art such as the ability to audibly alert a person driving a vehicle to avoid distraction. (ECF No. 4, at 3.)

Verna Texas filed this lawsuit on February 18, 2026. (ECF No. 1.) The initial complaint alleged that Clearly IP Inc (Clearly) infringed a different patent, U.S. Patent No. 11,403,932. But on February 25, 2026, Verna Texas filed an amended complaint dropping its assertion of that patent and alleging infringement of the '001 patent instead. (ECF No. 4, at 1.)

Clearly moved to dismiss the operative complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (ECF No. 8.) Soon after, Verna Texas filed a motion for equitable reformation of the assignment of the '001 patent. (ECF No. 16, at 1.)

## I. Motion to Dismiss

### a. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may challenge the subject matter jurisdiction of the court by motion. There are two kinds of challenges to subject matter jurisdiction. A facial challenge argues that the plaintiff has not sufficiently alleged a basis for subject matter jurisdiction. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (citing *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009)). By contrast, a factual challenge contends that there is no subject matter jurisdiction in fact, even if the pleadings sufficiently allege jurisdiction. *Id.*

When reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true. *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020) (citing *Apex Dig., Inc.*, 572 F.3d at 443–44). But when a defendant has raised a factual challenge, the court may look beyond the pleadings and consider evidence to determine its jurisdiction. *Bazile*, 983 F.3d at 279 (citing *Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 173 (2017)).

Clearly has raised a factual challenge to the Court's jurisdiction. Verna Texas alleged that it "owns the '001 patent by assignment." (ECF No. 4, at ¶6.) Clearly does not argue that this allegation, if accepted as true, establishes standing. Rather, Clearly contends that Verna Texas does not *in fact* own the '001 patent by assignment and therefore lacks standing to sue for infringement. (ECF No. 8, at 12.) Thus, the Court may look beyond the pleadings and consider submitted evidence in evaluating Clearly's 12(b)(1) motion.

**b. Analysis**

Clearly argues that Verna Texas does not have standing, because the 2023 assignment from Verna New Mexico did not convey title to the '001 patent to Verna Texas. (ECF No. 8, at 12.) A federal court may not exercise jurisdiction unless the plaintiff has Article III standing to sue. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019). To have Article III standing in a suit for patent infringement, the plaintiff must have exclusionary rights to the patent. *A.L.M. Holding Co. v. Zydex Indus. Priv. Ltd.*, 176 F.4th 1326, 1332 (Fed. Cir. 2026) (quoting *Intell. Tech. LLC v. Zebra Techs. Corp.*, 101 F.4th 807, 814 (Fed. Cir.

2024)). The plaintiff must have exclusionary rights at the inception of the lawsuit; the requirement cannot be met retroactively. *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1078 (Fed. Cir. 2020) (quoting *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed Cir. 2010)). And as the party invoking the court's jurisdiction, the plaintiff has the burden of establishing standing. *Bazile*, 983 F.3d at 278 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). Accordingly, if the plaintiff does not demonstrate that it held exclusionary rights to the patent at the time the lawsuit was filed, the plaintiff lacks standing and the suit must be dismissed. *Schwendimann*, 959 F.3d at 1078 (quoting *Abraxis Bioscience, Inc.*, 625 F.3d at 1364). To prevail on a suit for patent infringement, the plaintiff must also establish "statutory standing," but unlike Article III standing, that requirement is not jurisdictional. *A.L.M. Holding Co.*, 176 F.4th at 1332.

The owner of a patent has exclusionary rights, and therefore, Article III standing to sue for infringement. *Intell. Tech LLC*, 101 F.4th at 816. The only basis for standing that Verna Texas has asserted is the purported assignment of the '001 patent from Verna New Mexico. Thus, to establish Article III standing, Verna Texas must show that the assignment transferred legal title to the '001 patent prior to the initiation of this suit.

State law determines who holds legal title to a patent. *Schwendimann*, 959 F.3d at 1072 (first quoting *Enovsys LLC v. Nextel Commc'ns Inc.*, 614 F.3d 1333, 1342 (Fed. Cir. 2010); then citing *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1571 (Fed. Cir. 1997)). Thus, an assignment of a patent is interpreted in accordance

with the law of the state where the assignment took place. *Id.* (citing *Tri-Star Elecs. Int'l Inc. v. Preci-Dip Durtal SA*, 619 F.3d 1364, 1367 (Fed. Cir. 2010)). The parties appear to agree that Texas law governs the purported assignment of the '001 patent. (ECF No. 8, at 13; ECF No. 15, at 11.)

Under Texas law, a non-existent entity cannot enter into a contract. *See AmeriPath, Inc. v. Hebert*, 447 S.W.3d 319, 332 (Tex. App. 2014) (describing the "settled rule that if one of the parties does not exist, no contract can be formed") (citing *In re Hawthorne Townhomes, L.P.*, 282 S.W.3d 131, 138 (Tex. App. 2009)); *see also Kahn v. Imperial Airport, L.P.*, 308 S.W.3d 432, 438 (Tex. App. 2010) ("[O]ne cannot sign for and bind a legal entity that does not yet exist."); *see also WesternGeco, L.L.C. v. Input/Output, Inc.*, 246 S.W.3d 776, 786 (Tex. App. 2008) ("[A] non-existent entity cannot enter into a contract…"). And a Texas limited liability company does not exist until the Secretary of State files a certificate of formation for the entity. Tex. Bus. Orgs. §§ 3.001(c), 4.002, 4.051.

The purported assignment of the '001 patent was executed on October 11, 2023. (ECF No. 8-1, at 6.) However, the Texas Secretary of State did not file a certificate of formation for Verna Texas until October 24, 2023. (ECF No. 8-2, at 2.) Consequently, Verna Texas did not exist until October 24, 2023, which was 13 days after the purported assignment was executed. Since Verna Texas did not exist on October 11, 2023, it could not have executed the assignment. Consequently, the purported assignment of the '001 patent did not effectively transfer title to the '001 patent to Verna Texas. *AuthWallet, LLC v. CIBC Bank USA*, No. 24-CV-65, 2025 U.S. Dist.

LEXIS 251467, at *9 (W.D. Tex. Dec. 4, 2025) (holding that an assignment of a patent to an entity before its formation was void as a matter of law); *Blackbird Tech LLC v. ELB Elecs., Inc.*, No. 15-CV-056, 2020 U.S. Dist. LEXIS 163889, at *6-7 (D. Del. Sep. 9, 2020) (holding that an assignment of a patent to a non-existent entity was void as a matter of law); *see also Imperium (IP) Holdings, Inc. v. Apple Inc.*, No. 11-CV-163, 2012 U.S. Dist. LEXIS 101829, at *14 (E.D. Tex. June 4, 2012) (explaining that an assignment of a patent to an entity that did not exist would be void as a matter of law).

Verna Texas does not seem to dispute that it did not exist on the date of the purported assignment. *See* (ECF No. 15, at 11.) Nor does it fight the rule that a non-existent entity cannot execute a contract. *See* (ECF No. 15, at 11.) Rather, Verna Texas asserts that before concluding that it lacks standing, the Court must "resolve a series of disputed state-law and factual questions," namely:

> …whether the same members and managers agreed that the Texas Verna business would own the patent family; whether the October 11 writing memorialized, confirmed, or formalized a transfer already in place; whether the LLC adopted, ratified, or succeeded to those rights; and whether any confirmatory assignment or other ownership document exists.

(ECF No. 15, at 10-11.)

While asserting that the Court must resolve these questions, Verna Texas does not explain what the answers to those questions might be or whether they would somehow result in Verna Texas having standing in this case. Nor does Verna Texas point to any legal authority that would provide guidance on these questions. In other words, Verna Texas does not make any argument about these issues. *See Argument*,

Black's Law Dictionary (12th ed. 2024) (defining argument as "the remarks of counsel in analyzing and pointing out or repudiating a desired inference, made for the assistance of a decision-maker"). Even if these posited questions could be called arguments, Verna Texas failed to develop them and, consequently, has forfeited them. *J.J. Keller & Assocs., Inc. v. Tradex Glob., Inc.*, No. 25-CV-1321, 2026 U.S. Dist. LEXIS 29075, at *7 (E.D. Wis. Feb. 12, 2026) ("Perfunctory and undeveloped arguments are forfeited.") (quoting *500 Wis., LLC v. JPMorgan Chase Bank, NA*, No. 18-CV-1845, 2020 U.S. Dist. LEXIS 136169, at *11 (E.D. Wis. July 31, 2020)). The Court declines Verna Texas' invitation to probe these questions, which Verna Texas did not take the time to analyze on its own. "The Court has neither the time nor the inclination to do" Verna Texas' "work for it, particularly given that" Verna Texas "is a represented party." *Brown v. Meijer Stores Ltd. P'ship*, No. 24-CV-594, 2024 U.S. Dist. LEXIS 135181, at *16. (E.D. Wis. July 31, 2024). Taking up these unexamined issues at the behest of Verna Texas would encourage and invite "lawyers to submit unsupported and cursory briefing, knowing that the Court would nevertheless finish the analysis for them." *Id.* at *16–17. (E.D. Wis. July 31, 2024).

At one point, Verna Texas does cite a federal circuit case, *Pandrol USA, LP v. Airboss Ry. Prods.*, 320 F.3d 1354 (Fed. Cir. 2003), for the proposition that a "later writing" can "confirm an earlier transfer." (ECF No. 15, at 11-12.) But again, Verna Texas does not develop this argument further. Instead, it cites a case which raises questions that Verna does not address. Is the purported assignment the "later writing?" Or is the purported assignment the "earlier transfer" that was confirmed

by a different "later writing," which Verna Texas has not submitted to the Court? In any case, how would this result in Verna Texas having title to the '001 patent? Verna Texas does not say.

Verna Texas additionally contends that the Court "should not resolve disputed ownership facts" against it "on an incomplete Rule 12(b)(1) record." (ECF No. 15, at 11.) Similarly, Verna Texas argues that dismissal is unwarranted because Clearly "has produced no record that forecloses a pre-suit transfer, ratification, confirmation, or reformation of Verna's rights." (ECF No. 15, at 12.) These arguments misunderstand Verna Texas' burden. Since Verna Texas is the proponent of jurisdiction, it bears the burden of establishing standing. *Bazile*, 983 F.3d at 278 (citing *Spokeo, Inc.*, 578 U.S. at 338). Now that Clearly has questioned Verna Texas' allegations supporting standing—specifically, the allegation that Verna Texas' owns the '001 patent by assignment—Verna Texas must support that allegation with "competent proof." *Bazile*, 983 F.3d at 278 (quoting *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)). For instance, if there is some "other ownership document" showing that Verna Texas has legal title to the '001 Patent, which Verna Texas suggests might exist (ECF No. 15, at 10), then Verna Texas ought to provide it. Verna Texas has not submitted such a document or any other evidence tending to establish standing. Contrary to Verna Texas' argument, it is not Clearly's obligation to produce evidence disproving any conceivable theory that could support Verna Texas' standing. Rather, it is Verna Texas' burden to develop a theory of standing and to present evidence supporting that theory.

Verna Texas also argues that its allegation that "Verna owns the '001 patent by assignment" is enough to establish standing at this stage of the case. (ECF No. 15, at 12.) But, as explained earlier, Clearly has raised a factual challenge to the Court's subject matter jurisdiction, so the court may look beyond the pleadings and consider submitted evidence to determine its jurisdiction. *Bazile*, 983 F.3d at 278 (citing *Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 173 (2017)). Clearly has submitted a purported assignment of the '001 patent which, because it was executed before Verna Texas existed, contradicts Verna Texas' allegation that it owns the '001 patent by assignment. (ECF No. 8-1, at 6.) Therefore, that allegation is no longer entitled to the usual presumption of correctness, and Verna Texas "bears the burden to come forward with proof demonstrating that jurisdiction exists." *Potrykus v. Dorm Co. Corp.*, No. 26-CV-372, 2026 U.S. Dist. LEXIS 144522, at *15 (E.D. Wis. June 30, 2026) (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009)).

Verna Texas has not met its burden to show that it held title to the '001 patent at the time this lawsuit was filed; therefore, Verna Texas lacks standing and this case must be dismissed for lack of subject matter jurisdiction. Because the Court must dismiss for lack of jurisdiction, the Court will not consider Clearly's arguments for dismissal under 12(b)(6).

**c. Jurisdictional Discovery**

As an alternative to dismissal, Verna Texas argues that the Court should allow limited discovery of information pertaining to jurisdiction. (ECF No. 15, at 12.) Verna

Texas asserts that this discovery "could reach the formation and operation of Verna's Texas business before and after October 24, 2023, the intent of the Verna principals, any confirmatory assignments, the Texas LLC's ratification or adoption, and the related chain-of-title documents." (ECF No. 15, at 12.)

On a factual challenge to standing, courts may permit jurisdictional discovery when appropriate. *McDonald v. Trs. of Ind. Univ.*, No. 25-2366, 2026 U.S. App. LEXIS 24504, at *17 (7th Cir. Aug. 13, 2026). Jurisdictional discovery is not appropriate here, because Verna Texas has not explained how taking discovery would help it establish standing. *See N. Tex. Equal Access Fund v. Thomas More Soc'y*, 728 F. Supp. 3d 887, 901 (N.D. Ill. 2024) (holding that jurisdictional discovery was not appropriate where the plaintiffs failed to "explain the specific discovery they would take or how taking discovery would aid them in establishing any of the jurisdictional facts"). Verna Texas' vague references to discovery on its formation and the intent of Verna principals is not relevant. To the contrary, it appears that such discovery would be unnecessary. It is likely that the documents that Verna Texas describes, if any exist, would already be in its possession. Even if not, there is no reason to think that Clearly would have documents related to the formation of Verna Texas or the assignment of the '001 patent, so discovery would not help Verna Texas obtain such documents. Moreover, Verna Texas has not explained how such documents would demonstrate its ownership of the '001 patent at the time this lawsuit was filed.

#### d. Leave to Amend

Verna Texas also asks the Court, as another alternative to dismissal, for leave to amend its complaint. Ordinarily, a plaintiff is given at least one opportunity to amend its complaint before the case is dismissed. *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). However, a court may decline to grant leave when the plaintiff fails to suggest how an amendment might cure the defects in its complaint. *Ronald D. Fosnight & Paraklese Techs., LLC v. Jones*, 41 F.4th 916, 924–25 (7th Cir. 2022) (quoting *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018)); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015). Verna Texas has failed to do so here. It merely asserts that some "facts" stated in its brief "go directly to the pleading deficiencies Defendant asserts," but Verna Texas does not specify what facts it is referring to, nor does it explain how such facts would cure its standing deficiency. (ECF No. 15, at 19.)

Moreover, this is a factual challenge to Verna Texas' standing, not a facial challenge to the sufficiency of Verna Texas' pleadings. Verna Texas had the opportunity to present evidence establishing ownership of the '001 patent at the time the lawsuit was filed, and it failed to do so. *See Flynn v. FCA US LLC*, 39 F.4th 946, 950 (7th Cir. 2022) (dismissing for lack of jurisdiction without leave to amend where the plaintiff relied on allegations and legal argument rather than evidence in response to a factual challenge to standing); *see also Satanic Temple, Inc. v. Rokita*, No. 22-CV-1859, 2023 U.S. Dist. LEXIS 191387, at *32 (S.D. Ind. Oct. 25, 2023) (dismissing for lack of jurisdiction without leave to amend where the plaintiff failed

to establish standing in fact); *see also Byars v. Sterling Jewelers, Inc.*, 2023 U.S. Dist. LEXIS 111924, at *13 (C.D. Cal. May 18, 2023) (dismissing without leave to amend after concluding "based on a factual jurisdictional challenge that the plaintiff lacks Article III standing").

Since Verna Texas failed to establish standing in response to Clearly's factual challenge and did not explain how amending its complaint would cure its standing deficiency, dismissal without leave to amend is appropriate. However, Verna Texas is correct that the Court must dismiss without prejudice, because the Court lacks jurisdiction. *Flynn*, 39 F.4th at 950.

## II. Motion for Equitable Reformation

On May 28th, one day after filing its brief in opposition to Clearly's motion to dismiss, Verna Texas filed a motion for equitable reformation. (ECF No. 16.) The motion argues that the doctrine of equitable reformation applies to the purported assignment so that its effective date is October 24, 2023, the date of Verna Texas formation, rather than October 11, 2023. (ECF No. 16., at 1.) The motion asks the Court to enter an order "[r]eforming" the purported assignment and "[d]eclaring that, as reformed" the purported assignment "validly transferred all right, title, and interest in" the patents listed on the purported assignment. (ECF No. 16, at 8.)

There is no freestanding procedural mechanism by which Verna Texas may obtain the reformation of the assignment simply by filing a motion in this patent-infringement action. Under Texas law, reformation is a cause of action that must be pleaded. Likewise, a party may not make a *motion* for declaratory relief," rather, "'the

party must bring an *action* for a declaratory judgment." *Centrifugal Acquisition Corp. v. Moon*, No. 09-C-327, 2010 U.S. Dist. LEXIS 7684, at *4 (E.D. Wis. Jan. 14, 2010) (emphases in original) (quoting *Kam-Ko Bio-Pharm Trading Co., Ltd. v. Mayne Pharma (USA) Inc.,*560 F.3d 935, 943 (9th Cir. 2009)). Thus, the only way to construe this motion as consistent with the Federal Rules of Civil Procedure is to treat it as a motion for summary judgment. *See Centrifugal Acquisition Corp. v. Moon*, No. 09-C-327, 2010 U.S. Dist. LEXIS 7684, at *5 (E.D. Wis. Jan. 14, 2010) (construing a motion for declaratory relief as a request for summary judgment) (citing *Kam-Ko Bio-Pharm Trading Co., Ltd.,* 560 F.3d at 943).

However, Verna Texas did not properly plead an action for equitable reformation or for a declaratory judgment. A party must include a demand for the relief that it seeks in its pleading. Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain…a demand for the relief sought."); *see also Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1155 (5th Cir. 1992) ("In order to obtain a…declaratory judgment, a party must make his request for such relief in his pleadings."). Verna Texas failed to request either equitable reformation or a declaratory judgment in its complaint, so its pleading failed to state an actionable claim for such relief. *See Centrifugal Acquisition Corp.*, 2010 U.S. Dist. LEXIS 7684, at *4-5 (citing *Dillard*, 961 F.2d at 1155).

Putting aside Verna Texas' pleading deficiencies, the motion must also be denied because equitable reformation does not apply to the purported assignment. To start, Verna Texas articulates the standard for equitable reformation under

Wisconsin law in its brief (ECF No. 16, at 3), but as Clearly correctly points out, Texas law governs the purported assignment. *Schwendimann*, 959 F.3d at 1072 ("The assignment of a patent's legal title is interpreted in accordance with contract statutes and common law in the state where the assignment took place…") (citing *Tri-Star Elecs. Int'l Inc.*, 619 F.3d at 1367). In its brief in opposition to Clearly's motion to dismiss, Verna Texas seems to agree that Texas law applies. (ECF No. 15, at 7.)

Under Texas law, equitable reformation requires proof of two elements: (1) the existence of an original agreement and (2) a mutual mistake, made after the original agreement, in reducing the agreement to writing. *United States Fire Ins. Co. v. Scottsdale Ins. Co.*, 264 S.W.3d 160, 170–171 (Tex. App. 2008) (citing *Beneficial Standard Life Ins. Co. v. Trinity Nat'l Bank,* 763 S.W.2d 52, 56 (Tex. App. 1988)). Verna Texas has failed to establish either element. First, Verna Texas did not exist until October 24, 2023, 13 days after the purported assignment was executed. (ECF No. 8-1, at 6.) There could not have been any original agreement between the parties *before* the execution of the purported assignment, because Verna Texas did not even exist until *after* its execution. Second, there could not have been any mutual mistake between the parties to the purported assignment, because one of the stated parties—Verna Texas—did not exist at the time it was executed.

Verna Texas argues that the parties to the purported assignment did have an original agreement because the members of Verna New Mexico agreed to transfer its patents to a not-yet-created entity under Texas law. (ECF No. 16, at 4–5.) Accepting that fact as true, it does not help Verna Texas' argument. Since Verna Texas did not

exist when the purported assignment was executed, it would not have been possible for Verna Texas and Verna New Mexico to have an agreement before then. The fact that the *members* of Verna New Mexico agreed with each other to form a new entity and transfer the patents to it does not change the fact that the actual entities Verna New Mexico and Verna Texas could not have had a prior agreement because Verna Texas did not exist yet.

Relying on *Imperium*, Verna Texas asserts that courts have reformed contracts under similar circumstances. Verna Texas' reliance is misplaced. In that case, the court held that the parties intended to assign a patent to "ESS Technology International, Inc." even though the assignment named "ESS Technologies International, Inc." as the assignee. *Imperium (IP) Holdings, Inc. v. Apple Inc.*, No. 11-CV-163, 2012 U.S. Dist. LEXIS 101829, at *11–13 (E.D. Tex. June 4, 2012). In other words, the parties intended to assign the patent to an entity that did exist, but they made a typographical error when naming that entity. *Id.* at *13–14. Since both parties existed, they both had the capacity to make a contract. By contrast, Verna New Mexico intended to assign the '001 patent to an entity that did not yet exist, Verna Texas, and so did not have the capacity to contract. Unlike the assignment in Imperium, the assignment in this case was an "intentional assignment to a non-existent entity," which is "void as a matter of law." *AuthWallet, LLC*, 2025 U.S. Dist. LEXIS 251467, at *8–9; *see also Blackbird Tech LLC*, 2020 U.S. Dist. LEXIS 163889, at *6–7. In fact, the *Imperium* court agreed that an assignment to an entity that does

not yet exist is void. *Imperium (IP) Holdings, Inc.*, 2012 U.S. Dist. LEXIS 101829, at *14.

**IT IS THEREFORE ORDERED** that Verna Texas' Motion for Equitable Reformation (ECF No. 16) is DENIED.

**IT IS FURTHER ORDERED** that Clearly's Motion to Dismiss (ECF No. 8) is GRANTED. Verna Texas' First Amended Complaint and this action are DISMISSED for lack of jurisdiction without prejudice and without leave to amend. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 13th day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge