**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | |
|---|---|
| VERNA IP HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CLEARLY IP INC.,<br><br>Defendant. | No. 1:26-cv-261-BBC<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR EXCEPTIONAL CASE**

**TABLE OF CONTENTS**

**I.** INTRODUCTION ........ 1

**II.** FACTUAL BACKGROUND ........ 1

A. Stage of the Proceedings ........ 1

B. Plaintiff's Void Purported Assignment ........ 2

**III.** LEGAL STANDARD ........ 3

**IV.** ARGUMENT ........ 4

A. Clearly Is a Prevailing Party. ........ 4

B. Verna Texas's Litigation Positions on Standing Were Exceptional. ........ 5

C. Verna Texas Litigated in an Unreasonable Manner. ........ 7

D. Verna Texas's Primary Attorney Never Appeared in the Case, and Is Not Admitted to Practice in This Court. ........ 10

E. Clearly's Requested Fees Are Reasonable Under Lodestar. ........ 13

**V.** CONCLUSION ........ 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alt. Petroleum Techs. Holdings Corp. v. Grimes*,
No. 3:20-cv-00040-MMD-CLB, 2022 WL 3718863 (D. Nev. July 25, 2022)......................5, 8

*B.E. Tech., L.L.C. v. Facebook, Inc.*,
940 F.3d 675 (Fed. Cir. 2019)..........................................................................................4, 5

*Bayer CropScience AG v. Dow AgroSciences LLC*,
851 F.3d 1302 (Fed. Cir. 2017)..............................................................................................7

*Blackbird Tech LLC v. ELB Elecs., Inc.*,
2020 U.S. Dist. LEXIS 163889 ..............................................................................................9

*Blum v. Stenson*,
465 U.S. 886 (1984)..............................................................................................................14

*Cintas Corp. v. Perry*,
517 F.3d 459 (7th Cir. 2008) ................................................................................................15

*CRST Van Expedited, Inc. v. EEOC*,
578 U.S. 419 (2016)............................................................................................................4, 5

*Dal Pozzo v. Basic Mach. Co.*,
463 F.3d 609 (7th Cir. 2006) ................................................................................................11

*Denius v. Dunlap*,
330 F.3d 919 (7th Cir. 2003) ................................................................................................15

*EscapeX IP, LLC v. Google LLC*,
159 F.4th 1360 (Fed. Cir. 2025) .......................................................................................7, 13

*EscapeX IP LLC v. Google LLC*,
No. 22-cv-08711-VC, 2023 U.S. Dist. LEXIS 143626 (N.D. Cal. Aug. 16, 2023),
*aff'd*, No. 2024-1201, 2025 U.S. App. LEXIS 30781 (Fed. Cir. Nov. 25, 2025)....................10

*Gatzke v. City of W. Bend, Wisconsin*,
639 F. Supp. 3d 820 (E.D. Wis. 2022)..................................................................................14

*Johnson v. GDF, Inc.*,
668 F.3d 927 (7th Cir. 2012) ................................................................................................13

*Koji IP, LLC v. Renesas Elecs. Am., Inc.*,
No. 24-CV-03089-PHK, 2025 WL 917110 (N.D. Cal. Mar. 26, 2025), *motion for relief from judgment denied*, No. 24-CV-03089-PHK, 2026 WL 793025 (N.D. Cal. Mar. 20, 2026) ....................12, 13

*Koji IP, LLC v. Renesas Electronics America, Inc.*,
No. 24-cv-03089-PHK, 2025 U.S. Dist. LEXIS 61631 (N.D. Cal. Mar. 31, 2025) ....................10

*Kotsilieris v. Chalmers*,
966 F.2d 1181 (7th Cir. 1992) ....................11

*Lumen View Tech. LLC v. Findthebest.com, Inc.*,
811 F.3d 479 (Fed. Cir. 2016)....................13

*Mathis v. Spears*,
857 F.2d 749 (Fed. Cir. 1988)....................13, 14

*mCom IP, LLC v. Cisco Sys. Inc.*,
No. 6:22-CV-00261-ADA, ECF No. 78 (W.D. Tex. Dec. 18, 2025) (attached as Ex. 5) ....................10

*NetSoc, LLC v. Chegg Inc.*,
No. 18-CV-10262-RA, 2020 U.S. Dist. LEXIS 232321 (S.D.N.Y. Dec. 10, 2020) ...............10

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
572 U.S. 545 (2014)....................3, 4, 6, 7

*Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*,
No. 3:23- CV-00791-N, 2024 U.S. Dist. LEXIS 33148 (N.D. Tex. Feb. 27, 2024) ...............10

*Raniere v. Microsoft Corp.*,
887 F.3d 1298 (Fed. Cir. 2018)....................4, 5

*Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*,
858 F.3d 1383 (Fed. Cir. 2017)....................10

*Salmeron v. Enter. Recovery Sys.*,
579 F.3d 787 (7th Cir. 2009) ....................11

*SFA Sys., LLC v. Newegg Inc.*,
793 F.3d 1344 (Fed. Cir. 2015)....................10

*Silent Comm'ns, LLC v. BlackBerry Corp.*,
No. 6:22-cv-00252-ADA, ECF No. 57 (W.D. Tex. May 19, 2023) (attached as Ex. 3) .....9, 13

*Sorkin v. Universal Bldg. Prods. Inc.*,
No. 1:08-cv-133, 2010 WL 519742 (E.D. Tex. Feb. 9, 2010)....................14

*Traxcell Tech., LLC v. Huawei Tech. USA, Inc.*,
No. 2:17-CV-44-RWS-RSP, 2023 U.S. Dist. LEXIS 50605 (E.D. Tex. Mar. 24, 2023)........10

*VDPP, LLC v. Volkswagen Group of America, Inc.*,
No. 4:23-cv-02961, 2024 WL 3378456 (Jul. 11, 2024 S.D. Tex) ..........................................10

*Verna IP Holdings, LLC v. Alert Media, Inc.*,
No. 6:21-CV-00422-ADA, 2023 U.S. Dist. LEXIS 159961 (W.D. Tex. Sep. 11, 2023)........10

*Verna IP Holdings, LLC v. Alert Media, Inc.*,
No. 6:21-CV-00422-ADA, 2023 WL 5918320 (W.D. Tex. Sep. 11, 2023)..........................8, 9

*Verna IP Holdings, LLC v. Alert Media LLC*,
No. 6:23-cv-00373-ADA, ECF No. 24 (W.D. Tex. Feb. 27, 2024) .........................................3

*Verna IP Holdings, LLC v. Dais, Inc.*,
No. 3:23-cv-02594-E, ECF No. 32 (N.D. Tex. July 15, 2024).................................................3

*Verna IP Holdings, LLC v. Singlewire Software, LLC*,
No. 3:25-cv-00072, ECF No. 25 (W.D. Wis. July 30, 2025) ...................................................3

*ZT IP, LLC v. VMware, Inc.*,
No. 3:22-CV-0970-X, 2023 U.S. Dist. LEXIS 19165 (N.D. Tex. Feb. 6, 2023) ....................10

*ZT IP, LLC v. VMware, Inc.*,
No. 3:22-CV-0970-X, 2023 WL 1785769 (N.D. Tex. Feb. 6, 2023) .......................................8

**Statutes**

28 U.S.C. § 1927.........................................................................................................11, 13

35 U.S.C. § 285.......................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 54(d) ...........................................................................................................3, 14

L.R. 83(b)..............................................................................................................................12

L.R. 83(c)(2) .........................................................................................................................12

L.R. 83(c)(2)(E) ....................................................................................................................12

L.R. 83(d)(1) .........................................................................................................................12

Fed. R. Civ. P. 11 ..................................................................................................................13

Fed. R. Civ. P. 54 ..............................................................................................................13, 14

# TABLE OF EXHIBITS

| No. | Description |
|---|---|
| 1 | *Verna IP Holdings, LLC v. Singlewire Software, LLC*, C.A. No. 3:25-cv-00072 (July 30, 2025 W.D. Wis.), ECF No. 24 |
| 2 | Certificate of Formation for Texas Verna |
| 3 | *Silent Comm'ns, LLC v. BlackBerry Corp.*, 6:22-cv-00252-ADA, ECF No. 57 (W.D. Tex. May 19, 2023) |
| 4 | *Silent Comm'ns, LLC v. BlackBerry Corp.*, 6:22-cv-00252-ADA, ECF No. 106 (W.D. Tex. Mar. 25, 2025) |
| 5 | *See mCom IP, LLC v. Cisco Sys. Inc.*, No. 6:22-CV-00261-ADA, ECF No. 78 (W.D. Tex. Dec. 18, 2025) |
| 6 | Letter from William P. Ramey, III to Clearly IP, Defendant, (Feb. 17, 2026) |
| 7 | Letter from William P. Ramey, III to Neil J. McNabnay, counsel for Clearly IP Inc. (Sep. 3, 2026) |
| 8 | Email correspondence between Mr. Ramey and Philip Brown, for Clearly IP Inc. |
| 9 | 2025 Report of the Economic Survey, AM. INTELL. PROP. LAW ASS'N (2025) |
| 10 | 2023 Report of the Economic Survey, AM. INTELL. PROP. LAW ASS'N (2023) |

## I. INTRODUCTION

This case was exceptional from the day Verna Texas filed relying on a facially void assignment document. It should never have been filed because Verna Texas never had standing. Verna Texas asserted infringement of two patents despite knowing that Verna Texas did not even exist at the time of the attempted assignment of those patents. Multiple of Verna Texas's previous targets raised this same issue well before this case was filed, yet Verna Texas filed anyway, opposed dismissal, and further compounded the waste by moving to "reform" an assignment that its counsel knew could not be reformed. This Court properly rejected each of Verna Texas's retorts and dismissed the case. (ECF No. 19.) That makes Clearly the prevailing party. And Verna Texas's conduct makes this case exceptional under 35 U.S.C. § 285. Verna Texas repeatedly pressed legally foreclosed positions without any legal support despite a loss on almost identical arguments by the same counsel. Clearly respectfully asks the Court to find this case exceptional, hold Verna Texas and its counsel jointly and severally liable, and award Clearly its attorney fees.

## II. FACTUAL BACKGROUND

### A. Stage of the Proceedings

On February 18, 2026, Plaintiff ("Verna Texas") filed this lawsuit accusing Clearly of infringing U.S. Patent No. 11,403,932 (the "'932 Patent"). (ECF No. 1.) Plaintiff asserted claims 1–18 of the '932 Patent against Clearly's mass notification products and services. (*Id.* at ¶ 11.) On February 25, 2026, Plaintiff filed an amended complaint dropping the '932 Patent and asserting U.S. Patent No. 9,883,001 (the "'001 Patent"). (ECF No. 4 ("First Amended Complaint" or "FAC").) Clearly filed a motion to dismiss Verna Texas's claims on April 29, 2026, arguing in part that Verna Texas lacked standing to bring this case stemming from an improper assignment of both the '932 and '001 Patents. (ECF No. 8.) Verna Texas filed a Motion for Equitable Reformation of Patent Assignment on May 28, 2026. (ECF No. 16.) And on October 13, 2026,

this Court granted Clearly's motion and dismissed Verna Texas's claims "for lack of jurisdiction" because "Verna Texas lacks standing." (ECF No. 19 at 9.)

### B. Plaintiff's Void Purported Assignment

Plaintiff in this case is Verna IP Holdings, LLC ("Verna Texas" or "Plaintiff"), a Texas limited liability company with its principal place of business in Austin, Texas. (ECF No. 4 ¶ 1.) In its Complaint, Verna Texas asserted that it "owns the '932 patent by assignment." (ECF No. 1 ¶ 6.) Again, in its First Amended Complaint, Verna Texas asserted that it "owns the '001 patent by assignment." (ECF No. 4 ¶ 6.)

Verna Texas contended the '001 and '932 Patents were assigned on October 11, 2023, by Verna IP Holdings, LLC, a New Mexico limited liability company ("New Mexico Verna"), to Verna Texas. (ECF No. 15 at 6; Ex. 1 at 5.) Yet when the assignment was made (October 11, 2023), Verna Texas did not exist. The Texas entity was not formed until thirteen days after this date, on October 24, 2023. (ECF No. 15 at 6; Ex. 2 at 1 (annotations added).)

Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $300

THE STATE OF TEXAS

**Certificate of Formation**
**Limited Liability Company**

**Filed in the Office of the**
**Secretary of State of Texas**
**Filing #: 805277904 10/24/2023**
**Document #: 1298063340007**
**Image Generated Electronically**
**for Web Filing**

**Article 1 - Entity Name and Type**

The filing entity being formed is a limited liability company. The name of the entity is:

**VERNA IP HOLDINGS, LLC**

**Article 2 – Registered Agent and Registered Office**

As explained in Clearly's motion to dismiss, without a valid agreement assigning the patent, Verna Texas lacked standing to bring infringement claims against Clearly. The Court agreed with this assessment and granted dismissal because "Verna Texas lacks standing and this case must be dismissed for lack of subject matter jurisdiction." (ECF No. 19 at 9.)

Clearly's motion to dismiss was not the first time that Plaintiff and Plaintiff's "national" counsel were alerted to this specific deficiency. Rather, they were on notice well before filing this case. Another defendant had fully briefed a motion to dismiss on this exact issue months before Verna Texas filed here. *Verna IP Holdings, LLC v. Singlewire Software, LLC*, No. 3:25-cv-00072, ECF No. 25 (W.D. Wis. July 30, 2025). And other defendants had identified Verna Texas's deficient standing months before that. *See Verna IP Holdings, LLC v. Dais, Inc.*, No. 3:23-cv-02594-E, ECF No. 32 at 2 (N.D. Tex. July 15, 2024) ("The purported assignment of the '932 Patent to Verna was ineffective because Verna did not exist at the time the assignment was entered into."); *see also Verna IP Holdings, LLC v. Alert Media LLC*, No. 6:23-cv-00373-ADA, ECF No. 24 at 11–12 (W.D. Tex. Feb. 27, 2024). Despite its facially deficient standing, identified in numerous cases on the public docket in various courts, Verna Texas filed the Complaint and First Amended Complaint against Clearly in February without taking any action to rectify the deficiency.

## III. LEGAL STANDARD

Section 285 of the Patent Act allows a district court, in an exceptional case, to award reasonable attorneys' fees to the prevailing party. 35 U.S.C. § 285. This case is "exceptional" under 35 U.S.C. § 285 because, in view of the totality of the circumstances, it "stands out from others" with respect to both the "substantive strength" of Verna Texas's litigating position and "the unreasonable manner in which the case was litigated" by Verna Texas. *See* 35 U.S.C. § 285; Fed. R. Civ. P. 54(d); *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 545 (2014). The facts here implicate each of the "nonexclusive" factors relevant to § 285 suggested by the Supreme Court in *Octane Fitness*, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554, n.6. Clearly

need only prove its case by a preponderance of the evidence, and the facts presented here exceed that standard. *Id.*

## IV. ARGUMENT

As the prevailing party, Clearly is entitled to recovery of its attorney fees expended to defend against Verna Texas's exceptional case under § 285. Verna Texas repeatedly propounded meritless and unreasonable positions throughout this case, starting on the day it filed suit.

### A. Clearly Is a Prevailing Party.

Clearly is a prevailing party based on this Court's Order ruling dismissing the case and finding that Verna Texas lacked standing to bring suit. The prevailing party under § 285 is a question governed by Federal Circuit law. *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 677 (Fed. Cir. 2019). Courts consider whether there is "the material alteration of the legal relationship of the parties," with the alteration being "marked by judicial imprimatur." *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016) (citation omitted). The inquiry "is not limited to whether a defendant prevailed on the merits, but also considers whether the district court's decision—'a judicially sanctioned change in the legal relationship of the parties'—effects or rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties.'" *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018) (citation omitted).

Clearly rebuffed Verna Texas's challenge of infringement of the asserted patents. Under *CRST*, a party prevails when it rebuffs the other party's attempt to alter the legal relationship, "irrespective of the precise reason for the court's decision." 578 U.S. at 431. Clearly did exactly that: it defeated Verna Texas's bid to subject it to infringement liability, defeated Verna Texas's attempt to cure the defect through reformation, and obtained a judgment of dismissal. The Federal Circuit has held that a court-ordered dismissal rebuffing the plaintiff's claim confers prevailing-

party status—once for a standing dismissal, and once for a mootness dismissal. *Raniere*, 887 F.3d at 1306–08; *B.E. Tech.*, 940 F.3d at 678–79.

The Court's dismissal without prejudice does not alter Clearly's prevailing party status. Under Federal Circuit precedent, a dismissal need not be with prejudice to confer prevailing party status. *B.E. Tech.*, 940 F.3d at 679 (affirming award of costs and prevailing party status for a case dismissed for mootness). Any such argument to the contrary would "elevate[] form over substance" and conflicts with the "common-sense approach outlined in *CRST*." *Id*. Under similar circumstances, another district court found a party prevailing after a dismissal without prejudice for lack of standing. *Alt. Petroleum Techs. Holdings Corp. v. Grimes*, No. 3:20-cv-00040-MMD-CLB, 2022 WL 3718863, at *2–4 (D. Nev. July 25, 2022). The dismissal "does not necessarily mean [plaintiff] could immediately re-file their suit because [plaintiff] would have to make a showing as to standing." *Id.* at 4. Here, Verna Texas cannot simply refile this case. At a minimum, Verna Texas would need to change its own legal status before it could bring another suit, and it is unknown if Verna Texas could even do this.[1]

**B. Verna Texas's Litigation Positions on Standing Were Exceptional.**

Verna Texas's position here was not merely weak, it was legally foreclosed before the complaint was filed. The assignment Verna Texas relies on is invalid and does not establish Verna Texas's rights to the patents. When the assignment was executed, the assignee, Verna Texas, did not exist, and so it could not receive the right to assert the

[1] Cases dealing with voluntary dismissal without prejudice are neither binding nor analogous. Here, this Court considered the merits (or lack thereof) of Verna Texas's jurisdictional ground to bring this case and ordered dismissal of the entire action, denied Verna Texas's request for jurisdictional discovery, denied Verna Texas's request for leave to amend, denied Verna Texas's motion for reformation, and entered judgment. The present situation is far from a voluntary dismissal by agreement of the parties.

patents, Verna Texas lacked standing to bring this action. A case is exceptional where it stands out "with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case)." *Octane*, 572 U.S. at 554. "[E]xceptionally meritless claims" such as objectively unreasonable litigating positions are paradigm grounds for a fee award. *Id.* at 554–55.

A threshold issue in any patent case is whether plaintiff holds exclusionary rights at the inception of the suit, and that requirement "cannot be met retroactively." (ECF No. 19 at 3–4.) Verna Texas's sole asserted basis for ownership was the October 11, 2023 assignment. (ECF No. 15 at 6; ECF No. 16 at 1.) But under settled Texas law, a nonexistent entity cannot take title, and Verna Texas did not exist until October 24, 2023—so the assignment "did not effectively transfer title to the '001 patent," and Verna Texas never held exclusionary rights. (ECF No. 19 at 5–6 (citing *AmeriPath, Inc. v. Hebert*, 447 S.W.3d 319, 332 (Tex. App. 2014); *AuthWallet, LLC v. CIBC Bank U.S.A.*, 2025 U.S. Dist. LEXIS 251467, at *9; *Blackbird Tech LLC v. ELB Elecs., Inc.*, 2020 U.S. Dist. LEXIS 163889, at *6–7).)

Verna Texas never presented any plausible factual or legal ground to establish standing, and its briefing to the contrary was objectively baseless and without merit. Verna Texas never disputed that it did not exist on the date of the purported assignment, nor that a nonexistent entity cannot execute a contract. (ECF No. 19 at 6 ("Verna Texas does not seem to dispute that it did not exist on the date of the purported assignment. [] Nor does it fight the rule that a non-existent entity cannot execute a contract.").) The facts were undisputed, and Verna Texas failed entirely to present any legal argument to support its position. As this Court identified, "Verna Texas does not make any argument about" the identified "issues" that it contends relate to the standing dispute. (ECF

No. 19 at 6.) Verna Texas also failed to "point to any legal authority that would provide guidance on these questions." (ECF No. 19 at 6.)

But Verna Texas did not stop at its meritless opposition to Clearly's motion. Rather, Verna Texas then filed a motion to reform that was both procedurally and substantively deficient. Its lone affirmative theory—equitable reformation—was legally impossible, because there can be neither an original agreement nor a mutual mistake with an entity that did not yet exist. (ECF No. 19 at 12–13 (explaining "[t]here is no freestanding procedural mechanism by which Verna Texas may obtain the reformation of the assignment simply by filing a motion in this patent-infringement action"), 13 ("Putting aside Verna Texas' pleading deficiencies, the motion must also be denied because equitable reformation does not apply to the purported assignment.").) And Verna Texas articulated its argument under the law of the wrong state. *Id.* at 13–14. A position salvageable only by a legally impossible cure is fundamentally meritless. *Octane*, 572 U.S. at 554 (The "substantive strength of a party's litigating positions" is relevant to the exceptional case determination.). Even if Verna Texas's position were sound, it is directly contradictory to Federal Circuit precedent requiring that "plaintiff must have exclusionary rights at the inception of the lawsuit." (ECF No. 19 at 4.) Verna Texas's repeated baseless and meritless positions make its case exceptional.

**C. Verna Texas Litigated in an Unreasonable Manner.**

At best, Verna Texas failed to properly investigate its standing before bringing suit, and this makes the case stand out as unreasonable. A case can be found exceptional if it stands out based on "the unreasonable manner in which the case was litigated." *Octane*, 572 U.S. at 554. The Federal Circuit treats insufficient pre-suit investigation as a proper basis for a fee award. *See EscapeX IP, LLC v. Google LLC*, 159 F.4th 1360, 1366-68 (Fed. Cir. 2025) (affirming § 285 award where plaintiff "failed to conduct an adequate pre-suit investigation"); *see also Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1307 (Fed. Cir. 2017) ("Nor did the district court

err in treating pre-suit diligence as a factor in the totality-of-the-circumstance approach, as we have previously approved of this consideration in § 285 determinations.").

Any objective review of this case by either Verna Texas or counsel would have shown its inevitable outcome. Verna Texas took no action to remedy its deficient standing identified in other cases and proceeded to file this case and oppose dismissal. As the Court in *Alternative Petroleum* explained, "[p]laintiffs' counsel should have immediately moved to voluntarily dismiss the case upon realizing his clients lacked standing and then refiled it after sufficiently establishing his clients owned the patents he wished to sue on." 2022 WL 3718863, at *5 (finding a "case exceptional because it stands apart from the other patent litigation it has presided over"). Verna Texas and counsel should have known about the standing issue well before filing this case and still made the decision to proceed with no factual or legal support. *ZT IP, LLC v. VMware, Inc.*, No. 3:22-CV-0970-X, 2023 WL 1785769, at *3 (N.D. Tex. Feb. 6, 2023) (finding case exceptional for inadequate "pre-filing investigation" and noting that Mr. Ramey was previously found to have "conducted absolutely no pre-filing investigation" and "should have been aware enough to recognize the importance of scrutinizing pre-filing materials . . . before bringing suit"). Just by filing its motion to reform, Verna Texas conceded it lacked standing. Verna Texas's "arguments" were also contradicted by the very cases cited in its briefing. *See* ECF No. 19 at 15–16 ("In fact, the *Imperium* court agreed that an assignment to an entity that does not yet exist is void."). Verna Texas was unreasonable when it filed this case and doubled down at every opportunity.

Verna Texas has a history of sanctions for unreasonable litigation positions. Verna Texas's predecessor, New Mexico Verna, was ordered to pay attorney fees under § 285 for "litigation conduct [that] was objectively unreasonable." *Verna IP Holdings, LLC v. Alert Media, Inc.*, No. 6:21-CV-00422-ADA, 2023 WL 5918320, at *4 (W.D. Tex. Sep. 11, 2023). In that case, Verna

asserted a family member of the '932 Patent. The court ruled that "Verna's litigating position was devoid of any substantive strength, Verna had been apprised that its position lacked merit, and yet Verna had moved to dismiss without prejudice," and the "facts underline the exceptional nature of this case." *Id.* at *5. Here, Verna Texas has taken this a step further and continued to litigate in view of an unreasonable position devoid of any substantive strength.

Additionally, Verna Texas's counsel, Mr. Ramey[2], should have known the arguments presented were unreasonable given that he had recently lost a case ***and was sanctioned*** for continuing to litigate a case with a similar standing issue. In *Silent Communications*, the plaintiff—a Texas entity represented by Mr. Ramey—faced a motion to dismiss for lack of standing. *Silent Comm'ns, LLC v. BlackBerry Corp.*, No. 6:22-cv-00252-ADA, ECF No. 57 at 5 (W.D. Tex. May 19, 2023) (attached as Ex. 3). That court found the plaintiff lacked standing because the ***plaintiff did not exist at the time of the purported conveyance*** of patent rights ***from an out-of-state entity by the same name***. *Id.* at 7–8. Because the plaintiff did not exist, that court determined it could not receive the patent rights. *Id.* That court even relied on *Imperium* and *Blackbird* in its holding, *id.* at 7–8, the very same cases Verna Texas cited in this case for the exact opposite conclusion, ECF No. 16 at 3. The *Silent Communications* court also found that reformation by the court was not available under Texas law. (Ex. 3 at 7–8.) Finally, that case was found to be ***exceptional*** under 35 U.S.C. § 285 because of "the unreasonable manner in which Plaintiff litigated." *Silent Comm'ns*, ECF No. 106 at 7 (attached as Ex. 4). Under these circumstances, the court determined that "[p]laintiff and Mr. Ramey did not conduct an adequate pre-filing investigation into whether Plaintiff had standing to bring this lawsuit." *Id.* at 8.

[2] *See* Section IV.D, *infra*.

Nor was *Silent Communications* the only time Mr. Ramey and his clients were sanctioned. Courts can consider an attorney's pattern of litigation conduct when a defendant presents adequate evidence. *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1352 (Fed. Cir. 2015); *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1389–90 (Fed. Cir. 2017). Recently, Mr. Ramey's and his client's frivolous and vexatious conduct led to an ***injunction*** from filing complaints for patent infringement in the Western District of Texas without advance permission from the court. *See mCom IP, LLC v. Cisco Sys. Inc.*, No. 6:22-CV-00261-ADA, ECF No. 78 (W.D. Tex. Dec. 18, 2025) (attached as Ex. 5). The court provided a detailed collection of similar cases[3] and found that Mr. Ramey "unreasonably multiplied the proceedings," "persistently prosecuted a 'meritless claim,'" "show[ed] a reckless disregard for his duty to this Court," and presented "allegations [] made in bad-faith without any semblance of a proper pre-suit investigation." *Id.* at 10–11. Ultimately, the court ruled that Mr. Ramey's conduct warranted enjoining him and his firm, Ramey LLP, "from filing future complaints in the Western District of Texas asserting a claim of patent infringement without [] advance permission." *Id.* at 17.

### D. Verna Texas's Primary Attorney Never Appeared in the Case, and Is Not Admitted to Practice in This Court.

[3] "Mr. Ramey's conduct [] has been subject to sanctions in other courts in addition to the Western District of Texas. In the last five years, district courts in California, Texas, and New York sanctioned Mr. Ramey and his associates under § 285 at least nine times." (citing *WPEM, LLC v. SOTI Inc.*, No. 2:18-CV-00156-JRG, 2020 U.S. Dist. LEXIS 17449E.D. Tex. Feb. 4, 2020); *NetSoc, LLC v. Chegg Inc.*, No. 18-CV-10262-RA, 2020 U.S. Dist. LEXIS 232321 (S.D.N.Y. Dec. 10, 2020); *ZT IP, LLC v. VMware, Inc.*, No. 3:22-CV-0970-X, 2023 U.S. Dist. LEXIS 19165 (N.D. Tex. Feb. 6, 2023); *Traxcell Tech., LLC v. Huawei Tech. USA, Inc.*, No. 2:17-CV-44-RWS-RSP, 2023 U.S. Dist. LEXIS 50605 (E.D. Tex. Mar. 24, 2023); *EscapeX IP LLC v. Google LLC*, No. 22-cv-08711-VC, 2023 U.S. Dist. LEXIS 143626 (N.D. Cal. Aug. 16, 2023), *aff'd*, No. 2024-1201, 2025 U.S. App. LEXIS 30781 (Fed. Cir. Nov. 25, 2025); *Verna IP Holdings, LLC v. Alert Media, Inc.*, No. 6:21-CV-00422-ADA, 2023 U.S. Dist. LEXIS 159961 (W.D. Tex. Sep. 11, 2023); *Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*, No. 3:23- CV-00791-N, 2024 U.S. Dist. LEXIS 33148 (N.D. Tex. Feb. 27, 2024); *VDPP, LLC v. Volkswagen Group of America, Inc.*, No. 4:23-cv-02961, 2024 WL 3378456 (Jul. 11, 2024 S.D. Tex); *Koji IP, LLC v. Renesas Electronics America, Inc.*, No. 24-cv-03089-PHK, 2025 U.S. Dist. LEXIS 61631 (N.D. Cal. Mar. 31, 2025)).

Mr. Ramey, and his law firm Ramey LLP, should be held jointly and severally liable for Clearly's attorney fees under 28 U.S.C. § 1927 or the Court's inherent powers. Under § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 sanctions are appropriate in situations in which "counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders." *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1184–85 (7th Cir. 1992). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006) (quoting *Riddle & Assocs. P.C. v. Kelly,* 414 F.3d 832, 835 (7th Cir. 2005)); *see also Salmeron v. Enter. Recovery Sys.,* 579 F.3d 787, 793 (7th Cir. 2009) ("Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith.").

Although Mr. Ramey has not filed an appearance in this case,[4] Mr. Ramey is undoubtedly counsel for Verna Texas. Mr. Ramey signed a Certificate of Conference on Verna Texas's motion for reformation and self-identified as "national counsel for Verna." (ECF No. 16 at 8.) His firm is identified in Verna Texas's Corporate Disclosure Statement. (ECF No. 2 (identifying "Ramey LLP").) Further, he has repeatedly sent Clearly correspondence as counsel for Verna Texas. For example, Mr. Ramey sent a signed settlement offer to Clearly on behalf of Verna on February 17, 2026. (Ex. 6.) He sent Clearly's counsel another signed letter on behalf of Verna to demand

[4] Searches of the "United States District Court, Eastern District of Wisconsin Bar Attorney Status Lookup and Directory Service" do not show any results for Mr. Ramey's name or Texas bar number (24027643). https://ecf.wied.uscourts.gov/cgi-bin/BarLookup.pl.

settlement in September 2026. (Ex. 7.) Additionally, Mr. Ramey conferred with Clearly's counsel repeatedly inquiring about extensions, amending the complaint, and Clearly's position on Verna Texas's motion for reformation. (Ex. 8.)

Every lawyer who litigates in this Court must first be admitted. *See* E.D. Wis. Gen. L.R. 83(b). Because "[p]ro hac vice motions for admission are not permitted," Gen. L.R. 83(c)(2)(E), attorneys must be "admit[ted] . . . to practice before this Court," *see* Gen. L.R. 83(c)(2). Mr. Ramey never applied for admission, but he nonetheless advised Verna Texas to take legal positions he knew to be baseless, drafted Verna Texas's legal documents, and engaged in negotiations with Verna Texas's opposing counsel in this District. (ECF No. 16 at 8; Ex. 8; Ex. 6; Ex. 7.)

The Wisconsin Rules of Professional Conduct apply to "[a]ttorneys practicing before this Court," Gen. L.R. 83(d)(1) and prohibit Mr. Ramey's conduct. A lawyer not admitted to practice in the state of Wisconsin "may not provide legal services in this jurisdiction" absent specific listed circumstances that are absent here. *See* Wis. SCR 20:5.5(c). Yet Mr. Ramey did, engaging in the practice of law on behalf of Verna. *See* Wis. SCR 23.01(1) ("[g]iving legal advice or counsel to others"), (2) ("drafting or completion for another entity or person of legal documents"), (4) ("[n]egotiation of legal rights or responsibilities on behalf of another").

Mr. Ramey has been sanctioned before for the unauthorized practice of law. *Koji IP, LLC v. Renesas Elecs. Am., Inc.*, No. 24-CV-03089-PHK, 2025 WL 917110 (N.D. Cal. Mar. 26, 2025), *motion for relief from judgment denied*, No. 24-CV-03089-PHK, 2026 WL 793025 (N.D. Cal. Mar. 20, 2026). For example, a California district court found that "Mr. Ramey and [co-counsel] are out-of-state attorneys who are acting as Plaintiff's litigation counsel in this case," but "neither Mr. Ramey nor [co-counsel] are licensed to practice law in California," and "[n]either individual had sought, much less been granted, *pro hac vice* status in this case." *Id.* at *2. There, Mr. Ramey

was sanctioned under Rule 11 and for the unauthorized practice of law. *Id.* at *13, 17, 21. That was not an isolated occurrence, either. *Id.* at *6 (collecting cases).

Mr. Ramey was also held personally liable for the same improper standing arguments in the *Silent* case. Ultimately, the *Silent* court held "Mr. Ramey personally liable for BlackBerry's attorney's fees under § 1927." (Ex. 4 at 12.) The court explained that "Mr. Ramey has been cautioned about pre-filing failures before, and such warnings 'aid[] the Court in finding frivolousness, motivation, and the need to advance considerations of compensation and deterrence.'" *Id.* at 12 (citing *ZT IP*, 2023 WL 1785769, at *3). Moreover, the Federal Circuit has affirmed rulings holding Mr. Ramey jointly and severally liable for attorney fees arising from baseless arguments. *See, e.g.*, *EscapeX IP*, 159 F.4th at 1369 (affirming an award holding the plaintiff's attorneys "jointly and severally liable" because the attorneys filed a frivolous motion). This repeated disregard for pre-suit investigation, standing, and admissions requirements warrants liability to both Mr. Ramey and Ramey LLP.

**E. Clearly's Requested Fees Are Reasonable Under Lodestar.**

Should the Court award fees, both the Federal Circuit and Seventh Circuit use lodestar to calculate fees. *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988); *Johnson v. GDF, Inc.*, 668 F.3d 927, 930 (7th Cir. 2012). The lodestar analysis requires "multiplying a reasonable hourly rate by the reasonable number of hours required to litigate a comparable case." *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016).

Verna Texas's suit was exceptional from the start, and the fees Clearly incurred were necessarily devoted to defeating a case that lacked any legitimate basis. Clearly seeks an estimated $132,259.60 in total attorney fees under Rule 54—a figure that is reasonable, and indeed conservative, for a contested patent action resolved on a dispositive motion. Through the Court's Order and judgment, Clearly incurred an estimated $77,259.60 in attorney fees and estimates an

additional $55,000 in fees post-judgment and related to this motion and anticipated reply. Fed. R. Civ. P. 54(d)(2)(B) (requiring a "fair estimate" of fee sought).[5]

The fees Clearly seeks are reasonable under the lodestar framework. Courts may benchmark the reasonableness of patent fees against the American Intellectual Property Law Association ("AIPLA") Report of the Economic Survey, because patent litigation is a specialized and, "by its very nature, national" practice. *Mathis*, 857 F.2d at 755. According to the 2025 AIPLA Survey, the median cost to litigate a patent infringement suit through dispositive motion practice against a non-practicing entity for cases with between $1 million and $10 million at risk was $936,700, and $321,100 for cases with less than $1 million at risk.[6] Ex. 9 at 37; *see Sorkin v. Universal Bldg. Prods. Inc.*, No. 1:08-cv-133, 2010 WL 519742, at *5 (E.D. Tex. Feb. 9, 2010) ("Patent cases are time and labor intensive. . . ."). Clearly's request is far below that benchmark, and the hours spent were driven up by Verna Texas's own conduct.

Attorney fees are to be calculated at the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Clearly's counsel billed at rates reasonable and consistent with the prevailing market rates for patent litigators of comparable

---

[5] Clearly provides this amount as a "fair estimate" of the amount sought under Rule 54. Fed. R. Civ. P. 54(d)(2)(B)(iii) ("specify the judgment and the statute, rule, or other grounds entitling the movant to the award"); *Gatzke v. City of W. Bend, Wisconsin*, 639 F. Supp. 3d 820, 828 (E.D. Wis. 2022) (subsequent history omitted) ("[T]he computation of the amount of the fee award can be deferred until after the court decides the issue of liability for fees."). Clearly will provide a detailed accounting of rates by each attorney, allocation of time spent by each attorney, and narrative descriptions of the work and time spent on each task upon request of the Court if this Motion is granted. Due to the sensitive nature of the information and the implications of the protections of attorney-client privilege and work product as well as confidentiality, Clearly has not included these materials in its Motion.

[6] Verna's settlement demand listed Plaintiff's calculated royalty as $1,021,000 and contained a walkaway offer of $975,000. *See* Ex. 7 at 2.

experience and are corroborated by the 2023 AIPLA Survey[7] establishing the average hourly billing rate for private law firms with more than 101 attorneys, such as Fish & Richardson P.C., was $1,090, the median was $1,023, and the third quartile rate was $1,294. Ex. 10 at 40; *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003) ("When calculating attorneys' fees, the reasonable hourly rate is to be derived from the market rate for the services rendered."); *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008) ("[T]he best evidence of whether attorney's fees are reasonable is whether a party has paid them.").

## V. CONCLUSION

For the above reasons, Clearly respectfully asks this Court to grant Clearly's Motion and award Clearly approximately $132,259.60 in attorneys' fees.

[7] The 2025 AIPLA survey did not collect sufficient responses to report average billing rates for firms with more than 150 full-time IP lawyers and agents. Thus, reference is made to the equally reliable 2023 AIPLA survey which provides a lower, more conservative rate than the 2025 survey would have due to inflation.

Dated: October 27, 2026

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ David B. Conrad*

Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
David B. Conrad
conrad@fr.com
Texas Bar No. 24049042
Philip G. Brown
pgbrown@fr.com
Texas Bar No. 24132695

1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT CLEARLY IP INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on October 27, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ David B. Conrad*
David B. Conrad