# EXHIBIT 7

September 3, 2026

*****VIA E-MAIL*****

Neil J. McNabnay
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
*Counsel for Clearly IP Inc.*

**Re:** ***Verna IP Holdings, LLC v. Clearly IP Inc.***

No. 1:26-cv-00261-BBC (E.D. Wis., Green Bay Division)

U.S. Patent No. 9,883,001 — Settlement Proposal

Dear Counsel:

We write on behalf of Verna IP Holdings, LLC to propose an early resolution of this action. The ’001 patent claims the mechanism at the center of ClearlyIP’s emergency-alerting and cloud PBX offerings: detecting an activity or emergency event at a monitoring system, generating and converting a text message describing that event into a data file rendered as a digitized voice alert, and transmitting that file over a packetized data network for automatic audio announcement on registered remote devices. That is precisely how ClearlyIP’s own materials describe its accused functionality — the Panic Button that instantly dials programmed numbers and plays a recorded message, the built-in Text To Speech option that “will create the Audio file” for announcements, and SIP endpoints that auto-answer and play the alert without user intervention. The claim-by-claim mapping appears in Exhibit B to the Complaint.

Because Verna does not compete with ClearlyIP and does not sell a product, the measure of damages is a reasonable royalty under 35 U.S.C. § 284, modeled as a hypothetical, arm’s-length negotiation at the time ClearlyIP first deployed the accused functionality. Verna’s theory is deliberately disciplined. It does not seek a percentage of everything ClearlyIP sells. The royalty base is confined to the ClearlyCloud PBX and Emergency Alert Systems product lines and then apportioned again to the accused voice-alert functionality itself, consistent with the apportionment principles the Federal Circuit requires. We mention this because it bears directly on the reasonableness of the figure below: this is a measured demand, not an entire-market-value overreach.

Two structural features of this case deserve emphasis. First, the ’001 patent is a live patent with a term running to approximately December 2031, so ClearlyIP faces not only six years of accrued past exposure under 35 U.S.C. § 286 — reaching back to February 2020 and thus covering essentially the company’s entire operating history — but a continuing forward royalty obligation for more than five additional years. Second, the accused functionality is not peripheral. Emergency alerting is a marketed, differentiated product line for ClearlyIP, and Verna is aware of no acceptable non-infringing alternative that delivers the same automated, server-driven conversion of an event into a spoken alert pushed to registered devices.

Applying these considerations to a properly apportioned base, and based on publicly available information regarding ClearlyIP’s revenue and product mix, the reasonable royalty is built as follows:

| Step | Input / Basis | Value |
|---|---|---|
| ClearlyIP estimated annual revenue (third-party estimate; to be replaced by Defendant's actual data) | Growjo (2026) | $9,600,000 / yr |
| Share attributable to ClearlyCloud PBX and Emergency Alert Systems product lines | 40% | $3,840,000 / yr |
| Apportionment to the accused automated voice-alert functionality (Panic Button, TTS announcements, SIP paging) | 30% | $1,152,000 / yr |
| Georgia-Pacific reasonable royalty rate | 7.5% | $86,400 / yr |
| Past royalty: Feb. 18, 2020 (Section 286 reach-back) through present (approx. 6.5 years) | $86,400 x 6.54 yrs | $565,000 |
| Forward royalty: present through estimated patent expiration, Dec. 13, 2031 (approx. 5.3 years, undiscounted) | $86,400 x 5.28 yrs | $456,000 |
| **Total merits reasonable royalty (fully paid-up)** | | **$1,021,000** |

On that build, past use supports a royalty of approximately **$565,000**, and a fully paid-up license running to the end of the patent’s term supports approximately **$1.02 million**. Verna proposes to resolve this matter now on a fully paid-up basis for a single lump-sum payment of **$975,000**, in exchange for a license for the life of the ’001 patent and a release.

This proposal is conservative in two respects. First, the figure already reflects the discount any willing licensor would accept to avoid the cost, delay, and uncertainty of litigation; we are aware of ClearlyIP’s positions in its pending motion and have priced them in rather than ignored them. Second, the inputs rest on public estimates of ClearlyIP’s revenue, not ClearlyIP’s own data. Actual revenue, deployment dates, and the mix of accused activity will set the final number in discovery, and if that data reflects greater use than the public

record suggests, the supportable royalty rises accordingly. Defense economics point the same direction: carrying a patent case of this size through claim construction, expert discovery, and trial will predictably cost more than the resolution proposed here, and none of that spend is recoverable.

Verna's strong preference is to resolve this dispute promptly, before the parties commit to the expense of full technical and damages discovery. We are prepared to discuss terms at your convenience and to move quickly toward a paid-up license and dismissal. This letter is a confidential settlement communication under Federal Rule of Evidence 408 and is offered solely for purposes of compromise. Verna reserves all rights and waives none. We look forward to your response within thirty (30) days.

Very truly yours,

**RAMEY LLP**

/s/ William P. Ramey, III

William P. Ramey, III