IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

VERNA IP HOLDINGS, LLC,

Plaintiff,

v.

Case No. 1:26-cv-261-BBC

CLEARLY IP INC.,

Defendant.

**RESPONSE OF PLAINTIFF VERNA IP HOLDINGS, LLC AND NON-PARTIES WILLIAM P. RAMEY, III AND RAMEY LLP IN OPPOSITION TO DEFENDANT'S MOTION FOR EXCEPTIONAL CASE (ECF NO. 23)**

## INTRODUCTION

Clearly IP Inc. asks the Court to award it $132,259.60 against Verna IP Holdings, LLC and, in its brief though not in its motion, against non-parties William P. Ramey, III and Ramey LLP. (ECF No. 23; ECF No. 24 at 7, 21.) The request follows a Rule 12 dismissal "for lack of jurisdiction without prejudice." (ECF No. 20.) It should be denied.

Clearly did not prevail in the sense 35 U.S.C. § 285 requires. The Court held that Verna had not met its burden to show that it held title to the '001 patent when it sued, and it dismissed without prejudice because a court that lacks jurisdiction can do nothing else. (ECF No. 19 at 9, 12.) No question of infringement, validity or eligibility was decided. Clearly's own motion to dismiss told the Court that Verna "could perfect the chain of title post-hoc to gain standing in future lawsuits." (ECF No. 8 at 15.) A judgment that leaves the plaintiff free to sue again on the same patent has not altered the parties' legal relationship.

Nor is the case exceptional. Verna sued on a recorded assignment that names it as assignee, signed by the two members who own both the assignor and the assignee on the day

they submitted the Texas formation papers. Its position was that a thirteen-day gap between signature and file-stamp did not defeat ownership and could be corrected by reformation if it did. That position drew on *Lone Star* and *Schwendimann*. The Court rejected it on the record Verna made, and Verna does not reargue the dismissal here. But a position can lose without being frivolous. The Federal Circuit reversed a fee award recently on analogous reasoning. *mCom IP, LLC v. City Nat'l Bank of Fla.*, 175 F.4th 1370, 1379–82 (Fed. Cir. 2026).

The requests against counsel fail on their own terms. Section 285 does not reach lawyers. Section 1927 does not reach law firms. Neither § 1927 nor the Court's inherent power is invoked in the motion itself, and the record contains no finding or evidence of bad faith. Mr. Ramey and Ramey LLP, who are not parties, join in Part III of this response.

Finally, Clearly offers no time records, rates or declaration, and more than forty percent of its figure is a forecast of what this motion will cost.

Verna files this response ahead of a motion for leave under Fed. R. Civ. P. 6(b)(1)(B) and Civil L.R. 7(h) and (i) due to the Thanksgiving holiday. Record citations are to the page numbers stamped by CM/ECF.

## BACKGROUND

### A. The suit and the motion to dismiss

Verna sued on February 18, 2026, alleging infringement of U.S. Patent No. 11,403,932. (ECF No. 1.) Seven days later, before serving the complaint, it filed an amended complaint asserting U.S. Patent No. 9,883,001 instead. (ECF No. 4 at 1 & n.1.) Paul J. Doolittle, a member of this Court's bar, signed both pleadings and every later paper Verna filed. Verna's certificate of interested parties, filed with the complaint, identified Ramey LLP. (ECF No. 2.)

Clearly responded on April 29, 2026 with two filings. Its answer admitted subject-matter jurisdiction, pleaded "[u]pon information and belief" that Verna lacked standing, and counterclaimed for declarations of noninfringement and invalidity on the allegation that "an actual controversy has arisen and now exists between the parties." (ECF No. 9 at 2, 7, 9–10.) Its prayer asked for "dismissal of the Complaint with prejudice." (*Id.* at 11.) Its motion to dismiss argued that Verna lacked standing because the assignment from Verna IP Holdings, LLC of New Mexico was signed on October 11, 2023 and Verna's Texas certificate of formation is file-stamped October 24, 2023. (ECF No. 8; ECF No. 8-2 at 2.) The motion also sought dismissal under Rule 12(b)(6).

Verna opposed. (ECF No. 15.) It did not dispute the dates. It argued that the defect went to statutory rather than constitutional standing, that the Texas company had adopted or ratified the transfer, and that the Court should allow jurisdictional discovery or amendment. (ECF No. 15 at 8; *see also* ECF No. 19 at 6–12.) The next day Verna moved "[i]n an abundance of caution" to reform the assignment so that it took effect on October 24, 2023. (ECF No. 16 at 1.) It attached declarations from its two members, Kermit Lopez and Luis Ortiz, executed in September 2025 for a case pending in the Western District of Wisconsin. (ECF Nos. 16-1, 16-2.) Each swears that he owns half of both the New Mexico company and the Texas company; that the two resolved on September 18, 2023 to move the business to a Texas entity and to transfer the '932 patent to it; that they signed the assignment and submitted the Texas formation paperwork on October 11, 2023; that the New Mexico company was dissolved on October 22, 2023; and that the Texas Secretary of State completed the registration on October 24, 2023. (ECF No. 16-1 ¶¶ 2, 5–7, 9–10; ECF No. 16-2 ¶¶ 2, 5–7, 9–10.) The assignment covers the '001 patent as well. (*See* ECF No. 19 at 5; ECF No. 24-1.)

## B. The dismissal

On October 13, 2026 the Court granted the motion to dismiss and denied reformation. (ECF No. 19.) It held that under Texas law an entity that does not yet exist cannot contract, that Verna did not exist until October 24, 2023, and that the October 11 assignment therefore did not transfer title. (*Id.* at 5–6.) It found Verna's adoption and ratification points undeveloped and forfeited, held that Verna had not carried its burden of proof, and declined to reach Rule 12(b)(6). (*Id.* at 6–9.) It denied jurisdictional discovery and leave to amend. (*Id.* at 9–12.) It agreed with Verna that the dismissal had to be without prejudice. (*Id.* at 12.) And it denied reformation, both because reformation must be pleaded and because, in the Court's view, no prior agreement or mutual mistake was possible with an assignee that had not been formed. (*Id.* at 12–16.) The order does not describe Verna's position as frivolous or as taken in bad faith. Judgment was entered the same day. (ECF No. 20.)

## C. The fee motion

Clearly's one-sentence motion invokes § 285 and Rule 54(d)(2) and asks for fees. (ECF No. 23.) It does not mention 28 U.S.C. § 1927, inherent power, Mr. Ramey or Ramey LLP. The supporting brief asks that Verna "and its counsel" be held jointly and severally liable and relies on § 1927 and inherent power for the latter. (ECF No. 24 at 7, 17.) It seeks an "estimated" $77,259.60 through judgment and another $55,000 it expects to incur afterward. (*Id.* at 19–20.) No declaration or billing record accompanies the motion. Clearly offers to supply detail "upon request of the Court if this Motion is granted." (*Id.* at 20 n.5.)

Mr. Ramey received no Rule 11 letter or motion from Clearly's counsel. Before October 27, 2026, counsel did not tell him that Clearly considered the suit frivolous or intended to seek fees from him or his firm. (Declaration of William P. Ramey, III ¶ 11.)

## ARGUMENT

## I. CLEARLY IS NOT A PREVAILING PARTY.

Section 285 allows fees only "to the prevailing party." 35 U.S.C. § 285. Federal Circuit law decides who that is. *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 677 (Fed. Cir. 2019). The parties agree on the test. There must be a "material alteration of the legal relationship of the parties," and it must be "marked by judicial imprimatur." (ECF No. 24 at 10 (quoting *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016)).) A defendant can meet that test without winning on the merits. *CRST*, 578 U.S. at 431. But *CRST* expressly left open whether a defendant must obtain a judgment with preclusive effect, *id.* at 434–35, and the practical effect of the dismissal on any future suit matters here.

### A. A jurisdictional dismissal without prejudice left the parties where they began.

On one side of the line are *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 991–93 (Fed. Cir. 2020), and *Giesecke & Devrient GmbH v. United States*, No. 2022-2002, slip op. at 5–7 (Fed. Cir. June 26, 2024) (nonprecedential). *Mossberg* held that a defendant was not a prevailing party after the plaintiff dismissed without prejudice under Rule 41(a)(1)(A)(i). *In Giesecke, the plaintiff voluntarily withdrew the claims, and the trial court dismissed them by order.* The respondent there asked for dismissal with prejudice. The Court of Federal Claims instead granted leave to amend and dismissed the withdrawn claims without prejudice, and the Federal Circuit affirmed the denial of § 285 fees because the plaintiff could refile. Slip op. at 3, 5–7. A dismissal without prejudice, the court explained, "does not constitute a change in the legal relationship of the parties," *id.* at 7, and that reasoning holds whether the dismissal is voluntary or involuntary, *id.* at 6.

On the other side are the cases Clearly cites. In *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1308 (Fed. Cir. 2018), the district court had dismissed *with* prejudice after concluding that the plaintiff could not cure his lack of ownership, and the Federal Circuit treated that dismissal as the equivalent of an adjudication on the merits. In *B.E. Technology*, the case was dismissed as moot after the asserted claims were cancelled in inter partes review, so the plaintiff could never assert them again. 940 F.3d at 678–79. And in *Future Link Systems, LLC v. Realtek Semiconductor Corp.*, 154 F.4th 1370, 1377 (Fed. Cir. 2025), the defendant became a prevailing party when the district court converted a without-prejudice dismissal into one with prejudice. In each case, either a dismissal with prejudice or cancellation of the asserted claims foreclosed another suit on those claims. The order Clearly attaches as Exhibit 5 states the rule the same way: a movant prevails "[w]hen a Court grants an opposed motion to dismiss with prejudice." (ECF No. 24-5 at 8.)

This judgment belongs with *Mossberg* and *Giesecke*. The action was dismissed "for lack of jurisdiction without prejudice." (ECF No. 20.) The Court explained that it "must dismiss without prejudice, because the Court lacks jurisdiction." (ECF No. 19 at 12.) It did not reach Clearly's Rule 12(b)(6) arguments. (*Id.* at 9.) Clearly's counterclaims for declarations of noninfringement and invalidity were never adjudicated. Clearly's pleading asked for dismissal with prejudice, and the judgment does not grant it. (ECF No. 9 at 11.) Nothing was decided about Clearly's liability on the '001 patent.

**B. Clearly's remaining points do not change the analysis.**

Clearly says that a rule turning on the without-prejudice label would "elevate[] form over substance." (ECF No. 24 at 11 (quoting *B.E. Tech.*, 940 F.3d at 679).) Substance is what separates these cases. In *B.E. Technology* the label did not matter because the patent claims no

longer existed. Here the label describes what the judgment actually does. It settles one thing: the October 11, 2023 instrument, standing alone, did not give Verna title. The judgment leaves open a future infringement action if Verna establishes title on a different factual basis. Clearly said so itself when it moved to dismiss, telling the Court that Verna "could perfect the chain of title post-hoc to gain standing in future lawsuits." (ECF No. 8 at 15.) That concession qualifies its present contention that Verna "cannot simply refile" and that it is "unknown" whether Verna could ever sue. (ECF No. 24 at 11.)

Clearly also stresses that the dismissal was contested and that the Court denied discovery, amendment and reformation along the way. (*Id.* at 11 n.1.) That shows judicial imprimatur. It does not show a material alteration. *Giesecke* involved a court order too, entered over a request for dismissal with prejudice. Slip op. at 5–6.

Clearly's one case finding a prevailing party after a without-prejudice standing dismissal is an unpublished district court decision that predates *Giesecke* and *Future Link*. (ECF No. 24 at 11 (citing *Alt. Petroleum Techs. Holdings Corp. v. Grimes*, No. 3:20-cv-00040-MMD-CLB, 2022 WL 3718863, at *2–4 (D. Nev. July 25, 2022)).) There, the plaintiffs conceded at summary judgment that they lacked statutory standing. The court questioned their handwritten correction to an assignment and emphasized that six months had passed without a new suit or an explanation. Id. at *3–4. Here, the Court ruled at the pleading stage, and Clearly itself identified a possible route to a future action if Verna perfects title. (ECF No. 8 at 15.) Because Clearly is not a prevailing party, its § 285 request fails at the threshold.

## II. THIS CASE IS NOT EXCEPTIONAL.

An exceptional case is one that "stands out from others" in the substantive strength of a party's position or the unreasonable manner in which it was litigated. *Octane Fitness, LLC v.*

*ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). The inquiry looks to the totality of the circumstances, the movant bears the burden by a preponderance of the evidence, and fee awards are not to be used "as a penalty for failure to win a patent infringement suit." *Id.* at 548–49, 554, 557–58 (citation omitted). A patentee is presumed to assert a granted patent in good faith. *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017).

**A. Losing the standing motion does not make the case exceptional.**

Clearly builds its argument almost entirely from the Court's dismissal order. (ECF No. 24 at 11–13.) The order explains why Verna lost. It does not find that Verna's position was frivolous, objectively baseless or advanced in bad faith, and none of those terms appears in it. Under § 285, "it is the 'substantive strength of the party's litigating position' that is relevant ..., not the correctness ... of that position." *mCom*, 175 F.4th at 1379 (quoting *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015)). In *mCom* the Federal Circuit reversed a § 285 award that rested on the plaintiff's loss at the pleading stage. Dismissal for "lack of merit," the court held, "is not legally sufficient for § 285 purposes." *Id.* at 1380.

The Court found several of Verna's arguments undeveloped and held them forfeited. (ECF No. 19 at 6–8.) Verna does not quarrel with that ruling here. Forfeiture is a consequence the Court has already imposed, and it reflects how well a position was briefed. Section 285 asks whether the position had substance. *mCom* is direct on the point. The plaintiff there failed to make its best arguments, and the Federal Circuit held that "[g]iven the arguments that were available to mCom—even though not offered by mCom," there was "no warrant for a determination that this case was exceptionally weak." 175 F.4th at 1380. The same opinion affirmed a denial of leave to amend for failure to explain what an amendment would add, *id.* at

1378, which is the ground on which this Court denied leave (ECF No. 19 at 11–12), and it still reversed the fee award.

**B. Verna's position rested on Federal Circuit precedent.**

The arguments available to Verna were substantial. Consider first *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065 (Fed. Cir. 2020). The written assignment on which the plaintiff there relied was defective when she filed suit, and the defendant challenged her standing. The district court found that the parties had agreed to the transfer years earlier, reformed the writing under Minnesota law to reflect that agreement, and entered judgment for the plaintiff. The Federal Circuit affirmed. It held that whether a plaintiff is a "patentee" entitled to sue under 35 U.S.C. § 281 is a statutory question and not a jurisdictional one, that the complaint's allegation of ownership by assignment satisfied Article III, and that because reformation conforms the writing to the agreement the parties actually made, the plaintiff held title when she sued. *Id. at 1071 & n.6, 1073–74.* The majority distinguished *Abraxis* and similar cases as ones that did not involve reformation of a pre-existing agreement. *Id.* at 1074 & n.7. Judge Reyna dissented. He would have held that a plaintiff must hold enforceable title at the inception of the suit, that the requirement cannot be met retroactively, and that the proper course was dismissal without prejudice. *Id.* at 1078-81.

That is the theory Verna advanced. Its two members swore that they agreed on September 18, 2023 to move the business and the '932 patent to a Texas company, that the October 11 assignment was meant to carry out that agreement, and that they submitted the formation papers the same day. (ECF No. 16-1 ¶¶ 5, 9–10; ECF No. 16-2 ¶¶ 5, 9–10.) Verna asked the Court to correct the instrument's effective date to match. (ECF No. 16 at 1–2, 7–8.) The Court concluded that no agreement could predate the assignee's existence, a feature *Schwendimann* did not

present. (ECF No. 19 at 14–15.) Verna does not reargue that conclusion. But a party that asks for the relief the Federal Circuit affirmed in *Schwendimann*, on sworn evidence of a pre-suit agreement, has not taken a position "directly contradictory to Federal Circuit precedent." (ECF No. 24 at 13.)

One point should be made with care. The Court's order cites *Schwendimann*, 959 F.3d at 1078, for the rule that exclusionary rights must exist at the inception of the suit and cannot be supplied retroactively. (ECF No. 19 at 4.) In the opinion that passage, with its quotation of *Abraxis*, appears in Judge Reyna's dissent. *Id. at 1078 (Reyna, J., dissenting).* Verna raises this to answer Clearly's charge that its position contradicted settled Federal Circuit law. It does not raise it to reopen the dismissal, which also rests on Texas contract law and on Verna's failure of proof. The judges divided over whether reformation confirmed an enforceable pre-suit transfer. The assignee's existence when the agreement was made was undisputed there.

*Lone Star Silicon Innovations LLC v. Nanya Technology Corp.*, 925 F.3d 1225 (Fed. Cir. 2019), supplied the other half of the position. It holds that a plaintiff who alleges exclusionary rights and infringement has pleaded an Article III injury, and that whether the plaintiff holds the rights of a patentee under § 281 is not a question of standing or subject-matter jurisdiction. *Id.* at 1234–36. Verna relied on *Lone Star* in opposing dismissal. (ECF No. 15 at 8.) The Court treated the defect as constitutional because Clearly mounted a factual challenge to ownership itself. (ECF No. 19 at 4, 9.) Verna's reading did not prevail, but it tracked the reading the *Schwendimann* majority adopted.

Texas law was not one-sided either. Texas courts recognize that a corporation may assent after formation to a contract made on its behalf by a promoter. *Aloe Ltd., Inc. v. Koch*, 733 S.W.2d 364, 366–67 (Tex. App.—Corpus Christi 1987, no writ). Clearly answered with *City of*

*Denton v. Municipal Administrative Services, Inc.*, 59 S.W.3d 764, 769–70 (Tex. App.—Fort Worth 2001), which holds that ratification cannot save a contract that is void because it violates a procurement statute. (ECF No. 17 at 9.) Which line governs an assignment signed thirteen days before the assignee's certificate was file-stamped, by the same two people who owned both companies, was a fair question. The Court answered it against Verna on the record Verna made.

Clearly itself treated the matter as less than foreclosed. On the day it moved to dismiss, it pleaded lack of standing only "[u]pon information and belief," admitted subject-matter jurisdiction, and alleged an actual controversy with Verna over infringement and validity of the '001 patent. (ECF No. 9 at 2, 7, 9–10.) Its opposition to reformation cited *Schwendimann* only for choice of law. For the rule against post-suit cure it relied on a nonprecedential decision issued a month after Verna filed this case. (ECF No. 18 at 5–6 & n.1 (citing *Applications in Internet Time, LLC v. Salesforce, Inc.*, No. 2025-2026, 2026 WL 731122 (Fed. Cir. Mar. 16, 2026)).)

**C. The other cases Clearly cites did not foreclose Verna's position.**

Clearly says Verna was "on notice" because defendants in three earlier Verna cases raised the same objection. (ECF No. 24 at 9.) What it cites are those defendants' briefs. It identifies no ruling. The *Singlewire* motion was fully briefed in 2025 and was still undecided when that court stayed the case on June 1, 2026. (Ramey Decl. ¶ 8.) An adversary's unresolved motion is not notice that a position is baseless.

Clearly relies most heavily on *Silent Communications, LLC v. BlackBerry Corp.* (ECF No. 24 at 15; ECF Nos. 24-3, 24-4.) The facts there were of a different kind. The patent had been assigned in May 2020 to an Illinois company that was not the plaintiff. (ECF No. 24-3 at 3.) The Texas plaintiff was formed ten months later. (*Id.* at 7–8.) A second assignment naming the Texas plaintiff, also dated May 10, 2020, was created in October 2021, after the original assignor had

nothing left to convey. (*Id.* at 3–4, 9.) The plaintiff did not produce that document for more than a year and first disclosed its reformation theory in a sur-reply, and its counsel acknowledged that before suit he had reviewed only the recordation cover sheet. (ECF No. 24-4 at 9.) The court dismissed with prejudice and rested its fee award on the manner of litigation, including discovery conduct. (ECF No. 24-3 at 10; ECF No. 24-4 at 8–10, 13.) None of that is present here. The assignment Verna relied on is the original recorded instrument. It names Verna. Verna filed it in the Western District of Wisconsin in May 2025, long before this suit. (ECF No. 24-1.) And the judgment here is without prejudice.

The Court's order also cites *AuthWallet, LLC v. CIBC Bank USA*, a Western District of Texas decision issued ten weeks before this suit in a case brought by a different plaintiff with the same national counsel. (ECF No. 19 at 5–6.) Verna acknowledges it. *AuthWallet* involved an unrelated third-party assignor, an assignment to an Illinois entity that had not been formed, and a later "corrective" document, not signed by the assignor, that substituted a Texas entity formed about a year afterward. *AuthWallet*, No. 7:24-cv-00065-DC-DTG, Dkt. 91 at 2–3 (W.D. Tex. Dec. 4, 2025). Here the same two people owned the assignor and the assignee and signed for both, and the gap was thirteen days during which the formation filing was pending. One district court decision on those different facts did not make it unreasonable for Verna to present its own facts to this Court. Moreover, the appeal is still pending. (Ramey Decl. ¶ 10.)

**D. Verna did not litigate unreasonably.**

The whole of this litigation was a complaint, an amended complaint filed before service, an answer to counterclaims, one brief opposing dismissal and one nine-page motion. Verna sought one extension, to which Clearly agreed. (ECF No. 24-8 at 4–5.) There was no discovery and no hearing.

Clearly faults Verna for moving to reform the assignment and says the motion "conceded" that Verna lacked standing. (ECF No. 24 at 7, 13–14.) The motion was filed "[i]n an abundance of caution" the day after the opposition, and it asked for relief Verna was also seeking in the Western District of Wisconsin. (ECF No. 16 at 1; ECF No. 18 at 10.) A protective request for alternative relief concedes nothing. Verna does not defend the motion's drafting. It discussed the '932 patent although the operative complaint asserted the '001, recited Wisconsin's reformation standard before applying Texas law, and carried over language from a filing in another case. (ECF No. 16 at 1–3, 6–7.) The Court noted the choice-of-law error and denied the motion in a few pages. (ECF No. 19 at 12–16.) Careless drafting in a short motion is a fair criticism. It is not the kind of conduct that makes a case stand out.

Mr. Ramey received no Rule 11 letter or motion from Clearly's counsel. It raised standing in its first filing, as it was entitled to do, and its answer included the customary prayer for fees. (ECF No. 9 at 11.) The correspondence it attaches is routine scheduling and conferral. (Ramey Decl. ¶ 11; ECF No. 24-8.) The Federal Circuit has affirmed the denial of fees where the movant gave no early, focused notice that it considered the plaintiff's conduct exceptional and never invoked Rule 11. *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1181–82 (Fed. Cir. 2018).

### E. The cited orders do not establish a pattern here.

The last part of Clearly's exceptionality argument concerns other cases. (ECF No. 24 at 14–16 & n.3.) Verna and its counsel do not dispute that those orders were entered. They are not evidence of how this case was litigated. The Federal Circuit addressed this kind of showing in *mCom*: "the premise for any reliance on this kind of litigation activity is evidence establishing its character, which is missing here." 175 F.4th at 1381. Clearly offers citations and parentheticals.

Apart from *Silent*, it does not contend that any of those cases involved a question of title, and none involved the ’001 patent or Clearly.

The Western District of Texas order attached as Exhibit 5 was appealed. *mCom IP, LLC v. Cisco Sys., Inc.*, No. 2026-1284 (Fed. Cir.). That order cited, as support for a pattern, the magistrate judge’s fee recommendation in *mCom v. City National Bank* (ECF No. 24-5 at 11), which the Federal Circuit reversed five months later, 175 F.4th at 1379–82. The Northern District of California order in *Koji* was also appealed. Nos. 2025-1639, 2026-1778, 2026-1779 (Fed. Cir.). The 2023 *Alert Media* award was entered against the New Mexico company in a different case on a different patent. (ECF No. 24 at 14–15.) The question under § 285 is whether this case stands out. *Octane*, 572 U.S. at 554. Clearly has not shown that it does.

## III. THERE IS NO BASIS TO HOLD COUNSEL OR HIS FIRM LIABLE.

### A. The motion does not seek that relief, and § 285 does not authorize it.

The motion invokes § 285 and Rule 54(d)(2) and nothing else. (ECF No. 23.) Section 285 does not permit an award against a party’s lawyers. *Dragon Intell. Prop. LLC v. DISH Network L.L.C.*, 101 F.4th 1366, 1372–73 (Fed. Cir. 2024). The request to hold Mr. Ramey and Ramey LLP liable under § 1927 and the Court’s inherent power appears only in Clearly’s brief. (ECF No. 24 at 17.) For the § 285 request, the motion must “specify the judgment and the statute, rule, or other grounds entitling the movant to the award,” Fed. R. Civ. P. 54(d)(2)(B)(ii), but Rule 54(d)(2)(E) excludes § 1927 sanctions from that requirement. Independently, this Court’s rules require every motion to state the statute or rule under which it is made, Civil L.R. 7(a). Those requirements matter most when the target is a non-party. A lawyer facing sanctions is entitled to notice of the authority invoked and the conduct charged, and to an opportunity to respond. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980); *Chambers v. NASCO, Inc.*, 501 U.S.

32, 50 (1991). The supporting brief identified the sanctions theories, but the motion sought no relief against Mr. Ramey or his firm. They ask the Court to deny the request as presented. Mr. Ramey and Ramey LLP respond on the merits below without waiving the objection.

**B. Section 1927 does not apply.**

Section 1927 reaches an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. It does not reach law firms. *Claiborne v. Wisdom*, 414 F.3d 715, 722–24 (7th Cir. 2005). The request against Ramey LLP fails for that reason alone.

As to Mr. Ramey, the statute requires conduct in this case that multiplied these proceedings, and it requires subjective or objective bad faith. Ordinary negligence does not suffice. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184–85 (7th Cir. 1992). Clearly identifies two acts within this case: opposing the motion to dismiss and filing the reformation motion. (ECF No. 24 at 7, 13.) Opposing a dispositive motion on grounds drawn from *Lone Star* and *Schwendimann* is not vexatious. The Federal Circuit's reasoning in *mCom*, though it applied Eleventh Circuit law, fits this case. Without a determination that the suit was frivolous, counsel's asserted lack of diligence "does not rise to the level of needless obstruction," and "it was not unreasonable ... to litigate the case to a ruling on the Rule 12(b)(6) motion." 175 F.4th at 1381.

The rest of Clearly's § 1927 argument concerns matters outside this case: pre-suit investigation, orders of other courts, and admission to this Court's bar. (ECF No. 24 at 13–19.) The Seventh Circuit has held that § 1927 addresses abuse of the judicial process within the litigation and is not a general remedy for attorney misconduct or for conduct that precedes the suit. *Bender v. Freed*, 436 F.3d 747, 751 (7th Cir. 2006). And the statute shifts only the excess

fees "incurred because of such conduct." 28 U.S.C. § 1927. Clearly asks for every dollar from the first day and identifies no increment attributable to any particular act. (ECF No. 24 at 19.)

**C. The record does not support an inherent-power sanction.**

A fee award under the Court's inherent power requires a finding of bad faith, made with restraint and after fair notice and a meaningful opportunity to respond. *Chambers*, 501 U.S. at 44–46, 50; *Roadway Express*, 447 U.S. at 767. Any award is limited to fees the movant would not have incurred but for the misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–09 (2017).

Clearly's evidence of bad faith is that counsel lost a standing motion on different facts in *Silent* and has been sanctioned elsewhere. That is not evidence of his state of mind here. The record on that question is his declaration. Mr. Ramey believed that the assignment was effective or could be reformed, based on the members' sworn accounts of their September 2023 agreement. (Ramey Decl. ¶¶ 6–7.) He put that position before this Court openly, in a brief and a motion signed by admitted counsel, and sought the same reformation in the Western District of Wisconsin. (*Id.* ¶ 8; ECF No. 18 at 10.) A lawyer acting in bad faith does not file a motion that lays out the very dates on which his theory depends. The Court's order contains no finding of bad faith.

**D. The admission argument does not support fee-shifting.**

Clearly devotes much of this section to the fact that Mr. Ramey is not a member of this Court's bar. (ECF No. 24 at 16–19.) Verna appeared here, as General L.R. 83(b) requires, through a lawyer who is. Mr. Doolittle signed and filed every pleading, brief and motion. Mr. Ramey did not appear, argue, or sign any of them, and his firm's involvement was disclosed in Verna's first filing. (ECF No. 2.) He signed one thing: a certificate of conference at the end of

the reformation motion that reported his own conferral with Clearly's lawyers and identified him as "national counsel for Verna." (ECF No. 16 at 8.) Mr. Doolittle should have signed that certificate. The other communications Clearly attaches are a pre-service settlement letter and later correspondence between Mr. Ramey in Houston and Clearly's lawyers in Dallas about settlement, an extension and conferral. (ECF Nos. 24-6, 24-7, 24-8.)

Wisconsin's rule supports Mr. Ramey's drafting and other assistance to admitted counsel. A lawyer admitted elsewhere may provide occasional services reasonably related to a pending proceeding if the lawyer "or a person the lawyer is assisting" is authorized to appear in it. Wis. SCR 20:5.5(c)(2). The ABA comment published with the rule explains that the provision covers lawyers who support the admitted lawyer in the matter and do not themselves expect to appear. *Id.*, ABA cmt. [11]. Clearly asserts that the rule's exceptions are "absent here" without mentioning subsection (c)(2). (ECF No. 24 at 18.)

Whatever the Court's view of that question, the remedy for a perceived admission problem is not an award of the opposing party's fees. This Court's rules are enforced primarily on the Court's own initiative. General L.R. 83(f). *Bender* holds that a violation of a rule of professional conduct does not by itself bring conduct within § 1927. 436 F.3d at 751. And Clearly does not identify a dollar of fees it incurred because an email came from Mr. Ramey instead of Mr. Doolittle. The *Koji* order Clearly cites applied a different court's local rules to different facts.

## IV. CLEARLY HAS NOT SUPPORTED ANY AMOUNT.

Clearly bears the burden of documenting the hours worked and the rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983). It has submitted nothing: no declaration, no time entries, no rates, no invoices. It offers two "estimated" figures and asks the Court to compare

them with national survey medians for cases litigated through later stages. (ECF No. 24 at 19–21.) It cites authority that payment is the best evidence of reasonableness (*id.* at 21) and offers no evidence that Clearly paid or was billed anything. Of the $132,259.60 requested, $55,000 is a projection of fees not yet incurred for this motion and a reply. (*Id.* at 19–20.) Clearly proposes to produce its records only "if this Motion is granted." (*Id.* at 20 n.5.)

Rule 54 lets a movant begin with a fair estimate and lets the Court decide liability before amount. Fed. R. Civ. P. 54(d)(2)(B)(iii), (C). Without hours, rates, or an explanation of the work, Clearly's estimates do not establish that $132,259.60 is reasonable. If the Court reaches the question, Verna asks for the opportunity Rule 54(d)(2)(C) provides to respond to an itemized submission. Any award would also have to be tied to the conduct the Court finds exceptional. *In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1278–80 (Fed. Cir. 2018) (vacating award where the district court did not explain the relation between the misconduct found and the fees awarded). Clearly's theory that every fee from the first day is recoverable (ECF No. 24 at 19) would sweep in its Rule 12(b)(6) arguments, which the Court did not reach, and its counterclaims, which were never adjudicated.

**CONCLUSION**

The motion should be denied. If the Court concludes that an award may be warranted, it should first direct Clearly to file its time records and rates and allow Verna twenty-one days to address the amount, and counsel request an opportunity to respond to an order to show cause that identifies the conduct and the authority at issue.

Dated: November 25, 2026

Respectfully submitted,

/s/ Paul J. Doolittle
Paul J. Doolittle (SC Fed. ID 6012)
POULIN | WILLEY | ANASTOPOULO, LLC
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
paul.doolittle@poulinwilley.com
cmad@poulinwilley.com

Attorney for Plaintiff Verna IP Holdings, LLC and, for the limited purpose of responding to ECF No. 24 at 16–19, non-parties William P. Ramey, III and Ramey LLP

**CERTIFICATE OF SERVICE**

I certify that on November 25, 2026, I filed this document through the Court's CM/ECF system, which will serve all counsel of record.

/s/ Paul J. Doolittle
Paul J. Doolittle